Rel: July 24, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2026

_____

## CL-2025-0892

_____

### Eileena York

v.

### Dillard's, Inc.

### Appeal from Houston Circuit Court
### (CV-25-56)

BOWDEN, Judge.

Eileena York appeals from a judgment entered by the Houston Circuit Court dismissing her claims against Dillard's, Inc. ("Dillard's"). Because the proceedings from which this appeal is taken are void, we

dismiss the appeal with instructions that the proceedings related to this matter in the Houston Circuit Court be set aside.

Procedural History

On October 15, 2024, York filed a complaint against Dillard's in the Dale Circuit Court. Contemporaneously, she filed an affidavit of substantial hardship, requesting that the filing fee for her complaint be waived. On that same day, October 15, 2024, the Dale Circuit Court entered an order denying York's affidavit of substantial hardship. York filed a motion to reconsider that denial on November 6, 2024, and the Dale Circuit Court denied her motion to reconsider on the same date.

On November 22, 2024, York appealed the denial of her affidavit of substantial hardship to this court. This court construed the appeal as a petition for the writ of mandamus and transferred it to the Alabama Supreme Court because of our lack of jurisdiction. On June 6, 2025, the Alabama Supreme Court, by order, denied York's petition. Ex parte York (SC-2025-0276).

On July 1, 2025, York filed an amended complaint against Dillard's in the Dale Circuit Court. She apparently paid the filing fee at that time.

York moved to transfer the case to Houston County on July 28, 2025. The Dale Circuit Court granted her motion to transfer the next day.

The case-action summary from the Houston Circuit Court indicates that the matter was docketed as filed on August 4, 2025. On August 11, 2025, Dillard's filed a motion to dismiss York's complaint. York filed a response in opposition to Dillard's motion to dismiss on August 21, 2025. Before the Houston Circuit Court ruled on Dillard's motion to dismiss, York filed a "second amended complaint" in the Houston Circuit Court on September 5, 2025. Three days later, on September 8, 2025, the Houston Circuit Court granted Dillard's motion to dismiss. On September 17, 2025, York filed a motion seeking relief from the Houston Circuit Court's dismissal order.

On September 22, 2025, Dillard's filed a motion to dismiss York's second amended complaint for lack of subject-matter jurisdiction. The Houston Circuit Court granted Dillard's second motion to dismiss on September 23, 2025. York filed a postjudgment motion on October 2, 2025, which the Houston Circuit Court denied on October 15, 2025. York filed a notice of appeal on October 17, 2025.

Analysis

Section 12-19-70(b), Ala. Code 1975, provides:

> "(b) The docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship pursuant to the income guidelines provided in paragraphs a. and b. of subdivision (4) of Section 15-12-1[, Ala. Code 1975]. A verified statement of substantial hardship, signed by the party claiming hardship, shall be filed with the clerk of court. The accompanying pleading shall be considered filed on the date that the verified statement of substantial hardship is filed with the court. <u>If, within 90 days of the filing, the court makes a written finding that the party claiming hardship has the resources to pay the docket fee without substantial hardship, the party shall have 30 days from the date of the written finding of the court to submit payment of the docket fee or the case shall be dismissed for lack of jurisdiction.</u> Until such time as the plaintiff pays the docket fee, the court shall stay the proceedings and the summons or other process for service shall not issue."

(Emphasis added.) When a party's affidavit of substantial hardship is denied, § 12-19-70(b) clearly provides that the party then has 30 days from the entry of the order to pay the docket fee. See <u>Ex parte Alvarado</u>, [Ms. CL-2025-0769, Nov. 21, 2025] ___ So. 3d ___ (Ala. Civ. App. 2025). If the party does not pay the docket fee within the 30-day period, the trial court is required to dismiss the case for lack of subject-matter jurisdiction. <u>Id.</u>

4

In this case, the Dale Circuit Court entered an order denying York's affidavit of substantial hardship on October 15, 2024. The record is clear that York did not pay the docket fee within 30 days of the entry of that order; thus, the Dale Circuit Court lost jurisdiction over the matter once 30 days had elapsed from October 15, 2024. Therefore, all actions taken by the Dale Circuit Court after the end of that 30-day period are void, including the entry of its order transferring the matter to the Houston Circuit Court. See Grant v. Cooper, 424 So. 3d 930, 933 (Ala. Civ. App. 2025) (holding that "all orders entered by the trial court after the end of [the 30-day period to pay the docket fee under § 12-19-70(b), Ala. Code 1975] … are void"). As a result, the subsequent proceedings in the Houston Circuit Court directly underlying this appeal are likewise void. See Hill v. Tucker, 889 So. 2d 583, 586-87 (Ala. Civ. App. 2004) (holding that circuit court no longer had jurisdiction over an action and, therefore, that order transferring that action was void). A void judgment will not support an appeal. Id. at 587. Because a void judgment will not support an appeal, this appeal is dismissed with instructions to the Houston Circuit Court to set aside its void proceedings on this matter. In light of this decision, Dillard's motion to strike is denied as moot.

5

APPEAL DISMISSED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.